# VICTOR MARTINEZ Y MARTINEZ

*v.*

# MARIA MORENO CEBOLLERO ET AL.

San Juan, Equity, No. 648.

1. The district court of the United States for Porto Rico will not entertain a bill to review matters which a plea in abatement shows to have been decided finally between the parties several times in the insular courts. Aguirre v. Sobrinos de Ezquiaga, 2 Porto Rico Fed. Rep. 139, and Gonzalez v. Buist, 4 Porto Rico Fed. Rep. 243, followed.

2. Where a plea of *res judicata* sets up the fact that the matter in dispute has been litigated between the parties in the insular courts as many as ten times, lasting through a series of years, and the court can see, from the transcript of such proceedings filed with the plea, that such is the fact the latter will be sustained.

3. A plaintiff who chooses a forum of competent jurisdiction must abide the result of the final decision therein.

Opinion filed March 12, 1910.

*Messrs. N. B. K. Pettingill, F. L. Cornwell,* and *Victor Primo Martinez,* solicitors for complainant.

*Messrs. Hartzell & Rodriguez,* solicitors for respondents.

RODEY, Judge, delivered the following opinion:

This is a remarkable case. The issue before us is raised by a plea of *res judicata.* The bill is well drawn, and in and of

Martinez y Martinez v. Cebollero.

itself sets forth what would appear to be a meritorious cause of action, describing a series of alleged frauds and conspiracies that ought to entitle complainant to the relief prayed for, which is the cancelation of several registered instruments, etc., and the foreclosure of a mortgage against a coffee plantation, of which mortgage complainant claims to be the owner.

The controversy concerns a plantation of about 55 cuerdas of land, situated in the municipality of San Sebastian, Porto Rico. Complainant alleges that many years ago, in the early nineties, he had a mortgage on the property, which he extended several times, and finally made a last extension thereof, as well as additions thereto, in May, 1897, the amount then due being 6,330 pesos and 63 centavos, with a provision of 2,000 pesos additional for costs and expenses in case of foreclosure, etc. One of the respondents, Maria Moreno Cebollero, who is in fact the only real party in interest here, also had a debt against the mortgagor, and a year later, in a suit she had instituted to collect her debt, levied on this property. The great hurricane then came on, and matters remained in abeyance for a couple of years or so, when complainant made a settlement with his debtor, and secured a deed absolute for the property, with the attachment still outstanding against it. It is alleged that said respondent, through her agents, procured this deed absolute to be recorded, and then, by reason of that fact, secured the cancelation of complainant's mortgage, thus making her attachment of date previous to the deed absolute to complainant, and so in that way,—but it appears at the end of protracted litigation,— she secured the "adjudication" of the property to herself. The object of the suit is to reverse all of this, and have complainant given the right to either foreclose his alleged mortgage or be

Martinez y Martinez v. Cebollero.

declared the absolute owner of the property because of the deed referred to.

The plea of *res judicata* sets out that the parties have already litigated and finally settled all questions regarding the property in question in several of the insular district courts, and in the supreme court of the island, in and by ten different suits or proceedings, running through many years. In support of this plea there is filed a vast bundle of transcripts in Spanish and English, setting forth in detail all of the said proceedings, and the decisions of said courts. The plea itself, in which is recited the barest synopsis of all these proceedings, comprises some twelve or thirteen typewritten pages.

On an examination of the plea and the exhibits referred to, we find that complainant appears to not only have had his day in court but to have had several years in court. It also appears that the said main respondent, Maria Moreno Cebollero, was at last obliged to enjoin complainant in the insular courts from further harassing her with actions regarding the property.

It would be tiresome to detail the different actions in which complainant intervened in the insular courts to thwart said respondent in securing her debt and possession of the land, and the different appeals he took after the issues were decided against him, as well as the different direct affirmative suits and proceedings he brought in different courts by himself and by his assignees to foreclose this mortgage, to cancel the said respondent's inscriptions, attachments, levies, etc., and to cancel legal cancelations of his own inscriptions, and to have his mortgage reinstated and foreclosed, and to recover damages for improvements on the property, etc, in every one of which suits and proceedings he failed, after a full hearing on the issues involved.

Martinez y Martinez v. Cebollero.

If this complainant, before he was dispossessed by the judgment of the supreme court of the island, had filed his bill in this court, and had applied to enjoin the respondent and her agents, or had asked for proper relief here at that time, we are inclined to think he might have been successful, even though the supreme court of the island held that the taking of the deed absolute, because of the circumstances surrounding it, was a waiver and merger of his mortgage, and that therefore its cancelation by the registrar, which rendered the attachment lien good, was a proper proceeding. But instead of doing this, he chose his forum, and it is fundamental that when a plaintiff or a complainant does that he must abide the result. As we set forth fully in our opinions in Modesto Aguirre v. Sobrinos de Ezquiaga, 2 Porto Rico Fed. Rep. 139, and in Gonzalez v. Buist, 4 Porto Rico Fed. Rep. 243, this court will not entertain what is, in effect, but a bill of review, or a suit as to matters that have been duly litigated in the insular courts. See also Shepard v. Pesquera, 1 Porto Rico Fed. Rep. 516.

The plea of *res judicata* will therefore be sustained and the cause dismissed with costs, and it is so ordered.